IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEITH COOPER, )
)
Plaintiff, )
)
v. ) Civ. No. 03-250-KAJ
)
WARDEN RICK KEARNEY and )
SCI VISITING SCHEDULING )
OFFICER, )
)
Defendants. )

## MEMORANDUM ORDER

Plaintiff Keith Cooper ("Cooper") brings this civil rights action pursuant to 42

U.S.C. §1983. He appears *pro se* and on April 10, 2003, was granted *in forma* pauperis

status pursuant to 28 U.S.C. § 1915. (D.I. 5). Cooper was formerly incarcerated at

Sussex Correctional Institution ("SCI") in Georgetown, Delaware.

## I. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for

dismissal under certain circumstances. Additionally, if the litigant is a prisoner, 28

U.S.C. § 1915A provides for screening by the Court of civil complaints. Both 28 U.S.C.

§ 1915(e)(2)(B) and § 1915A(b)(1), provide that the Court may dismiss a complaint, at

any time, if the action is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant immune from such relief.[1] An

---

[1]Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner complaints seeking redress from governmental entities, officers, or employees before docketing,

action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

When reviewing complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), the court applies the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and may be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

For the reasons set forth below, Cooper's Complaint has no arguable basis in law or in fact and dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## II.    DISCUSSION

### A.    The Complaint

It appears that Cooper brings this claim on the basis of a violation of his right to privacy. He alleges that his home telephone number was placed on the visitor sheet

---

if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

that is posted throughout SCI. He alleges that other inmates at SCI telephoned his family and that he was "terrified". Cooper states that he reported the problem to prison officials but that nothing was done to correct the situation. Cooper names as defendants Warden Rick Kearney ("Warden Kearney") and the SCI Visiting Scheduling Officer, but the complaint contains no allegations against the defendants.

## B.    Analysis

### 1.    Right to Privacy

Inmates retain certain rights to privacy. *Turner v. Safley,* 482 U.S. 78, 95-99 (1987); *Doe v. Delie*, 257 F.3d 309, 316-17(3d Cir. 2001). One type of privacy protected by the Fourteenth Amendment is the individual interest in avoiding disclosure of personal matters. *Doe v. Delie*, 257 F.3d 309, 316 n. 5 (3d Cir. 2001) (citing *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977); *United States v. Elec. Coop.,* 638 F.2d 570, 577 (3d Cir. 1980). An improper disclosure by state actors of properly obtained confidential information may support a § 1983 invasion of privacy claim. *See Faison v. Parker*, 823 F.Supp. 1198, 1201 n. 3 (E.D.Pa. 1993); *Doe v. Borough of Barrington,* 729 F.Supp. 376, 383-85 (D.N.J. 1990).

### 2.    Respondeat Superior

Other than his name in the caption of the Complaint, there is no mention of Warden Kearney. It is well established that absent some sort of personal involvement in the allegedly unconstitutional conduct, a § 1983 defendant cannot be held liable under a *respondeat superior* theory. *See Fagan v. City of Vineland,* 22 F.3d 1283, 1291 (3d Cir. 1994); *Gay v. Petsock,* 917 F.2d 768 (3d Cir. 1990). However, a supervisory public official may be held liable for a subordinate's constitutional tort if he is the

3

"moving force [behind] the constitutional violation" or is "deliberate[ly] indifferen[t] to the plight of the person deprived. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris,* 489 U.S. 378, 389 (1989)). Here there are no such allegations. Clearly, the claim against Warden Kearney has no arguable basis in law or in fact, and therefore it is DISMISSED.

### 3.   Visiting Scheduling Officer

Cooper provided no details regarding the alleged actions of the Visiting Scheduling Officer. *Pro se* plaintiffs are subject to the liberal standards of notice pleading when filing civil rights complaints. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)(citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). Nonetheless, Cooper's complaint "lack[s] enough detail to ... serv[e] its function as a guide to discovery." *Alston v. Parker*, 363 F.3d at 253 (internal citations omitted). As currently presented, the claim against the Visiting Scheduling Officer has no arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. at 325. Therefore, the claim against the Visiting Scheduling Officer is frivolous and shall be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### 4.   Mental Anguish

Cooper does not allege any physical injury. He states he "went through a lot of mental disangishment [sic] from the worriment of having to worry". (D.I. 2). He seeks "relief from prison" as well as compensatory damages.

Section 1997e(e) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), prohibits compensatory damages for mental or emotional injury absent allegations of

4

physical injury. *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). Therefore,

Cooper's claim for any emotional or mental distress suffered is barred by  1997e(e).

## III.   CONCLUSION

Based upon the foregoing analysis, IT IS ORDERED that Plaintiff Keith Cooper's

complaint is DISMISSED without prejudice as frivolous in accordance with the

provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

UNITED STATES DISTRICT JUDGE

December 7, 2005
Wilmington, Delaware